UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNTE D. ALLEN,            ) | 1:11-cv-01418-JLT HC |
|              ) | |
|           Petitioner,   ) | ORDER DISMISSING PETITION FOR |
|              ) | VIOLATION OF THE ONE-YEAR |
|      v.      ) | STATUTE OF LIMITATIONS (Doc. 1) |
|              ) | |
|              ) | ORDER DIRECTING CLERK OF THE |
| McDONALD, Warden,        ) | COURT TO ENTER JUDGMENT AND |
|              ) | CLOSE THE CASE |
|           Respondent.   ) | |
| _____) | ORDER DECLINING TO ISSUE A |
|  | CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on August 21, 2011.[1] On September 8, 20111, after a preliminary review of the Petition indicated that

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears

1

the petition may be untimely, the Court issued an Order to Show Cause why the petition should not be dismissed. (Doc. 7). That Order to Show Cause gave Petitioner thirty days within which to respond. On September 16, 2011, Petitioner filed his response, arguing that the limitations on his access to the prison law library prevented him from timely filing his petition. (Doc. 8).

On September 1, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the September 8, 2011 Order to Show Cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 21, 2011, and thus, it is subject to the provisions of the AEDPA.

---

28  on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on August 21, 2011. (Doc. 1, p. 11).

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on November 25, 2008, in the Kern County Superior Court, and sentenced to a prison term of life without the possibility of parole. (Doc. 10, p. 1). On his direct appeal, Petitioner filed a petition for review that was denied by the California Supreme Court on May 12, 2010. Thus, direct review would have concluded on August 10, 2010, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, August 11, 2010, or until August 10, 2011, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on August 21, 2011, eleven days after the date the one-year period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

4

Here, Petitioner alleges that he did not challenge his Kern County convictions through any collateral actions in state court apart from his direct appeal.  (Doc. 1, p. 3).  Accordingly, no basis exists for affording Petitioner statutory tolling under the AEDPA.  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed.

D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, along with the petition itself, Petitioner has filed a motion to file an untimely federal petition under the AEDPA.  (Doc. 3).  In that motion, Petitioner alleges that his prison facility went on "lockdown" on July 26, 2011 and, because Petitioner is not given prefatory law library access, he "has to be put on the end of the law library list and since the prison law library list is made upon race which Petitioner must wait for his race to be allowed to go to the law library," he, presumably, was unable to timely file his petition.  (Doc. 3, p. 2).[2]  Petitioner has reiterated this contention in his

---

[2] Although not denominated as a request for equitable tolling, the Court construes Petitioner's motion to file a late federal petition (Doc. 3), as a request to equitably toll the time described in the motion.

5

response to the September 8, 2011 Order to Show Cause.

      As the record presently stands, Petitioner's contentions regarding his limited access to the prison law library are insufficient to satisfy the standard for equitable tolling.  Unpredictable lock-downs or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case.  See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lock-downs at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lock-downs, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lock-downs do not constitute extraordinary circumstances warranting equitable tolling).   Prison lock-downs and limited law library access are normal facts of life in California prisons.  Therefore, such circumstances are not extraordinary and do not justify equitable tolling.  If limited resources and legal knowledge were an excuse for not complying with the limitations period Congress would have never enacted the AEDPA since virtually all incarcerated prisoners have these same problems.

      Moreover, the present record shows a complete lack of diligence on Petitioner's part. Equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights.  By alleging that his prison went on lock-down no earlier than July 26, 2011, Petitioner essentially acknowledges that he had at least some, i.e., "average," access to the prison law library from August 11, 2010, the first day of the one-year statutory period, until July 26, 2011, the beginning of the lock-down.  Put another way, Petitioner has no credible basis for equitable tolling for the first 349 days of his 365-day AEDPA limitation period.   Nothing in the record suggests that Petitioner could not have spent that entire period preparing and submitting a timely federal habeas petition.  Having failed to make use of the time during which the prison was not on lock-down, Petitioner cannot now complain that "but for"

circumstances beyond his control, he would have timely submitted his petition.  A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence.  See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal

habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d);
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 19, 2011**                                  **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE